Allen v. Wheeler.

## ALLEN v. WHEELER.

1. A demurrer plainly frivolous will be struck out *on motion*, and the plaintiff allowed to enter judgment for want of a plea.

2. This motion may be made to strike out a frivolous demurrer after joinder in demurrer, *semble* even after it is set down for argument.

3. Courts of justice have always exercised the power of preventing pleadings from being perverted for the evident purpose of chicane and delay.

4. In case a frivolous plea or demurrer is filed, the proper practice is to move to strike it out, and for the judgment to which the party would be entitled for want of it; and not *it seems*, without such motion, to move for judgment for want of it.

5. After a plea or demurrer is stricken out as frivolous, leave to file a new plea will not be granted as of course.

This was an action of assumpsit. The declaration contained only the common money counts. To this declaration there was a general demurrer and joinder in demurrer. The cause had not been placed upon the calendar for argument.

*S. G. Potts,* for the plaintiff now moved to strike out the demurrer as frivolous.

*W. Halsted,* for the defendant insisted,

1st, That the court had no power to strike out a demurrer. The mode of disposing of a demurrer is prescribed both by the statute and by rule of court. The statute requires that there shall be a joinder, and authorizes either party to move for argument upon the demurrer. The rule requires the demurrer to be set down upon the paper for argument. Disposing of a demurrer in the summary way now sought by the plaintiff, will be an evasion both of the rule and of the statute, and will deprive the party of all redress upon writ of error.

2d, That there was no precedent for such an order. The practice of striking out pleadings is confined to counts of the declaration, or to pleadings involving mere questions of *fact,* and does not extend to demurrers. 2 *Halst.* 160; 6 *Halst.* 395.

3d, That the motion comes too late after joinder filed.

The CHIEF JUSTICE delivered the opinion of the court.

The power of a court of justice to guard against abuses in practice, and to prevent the system of pleading from being perverted to the mere purposes of chicane and delay, cannot be denied. It is a power inherent in the court, and essential to the due administration of justice. The power has been immemorially and repeatedly exerted, and within proper limits its exercise has been found signally salutary.

The pleading of sham pleas has been properly regarded as a culpable abuse of justice, and has in repeated instances been censured and punished by the court. The striking out of frivolous or unnecessary counts, and of sham or false pleas, is a familiar exercise of the power of the court. *Bac. Ab. Pleas and Plead. G.* 4; *Salk.* 515; 1 *Chit. Pl.* 574; *Steph. Pl.* 445; *Arch. Pl.* 249; 2 *Halst.* 160; 6 *Halst.* 397.

Nor is this exercise of power confined, as was insisted by counsel upon the argument, to pleadings designed to raise mere issues of fact. It is applied equally to demurrers, and perhaps

with more obvious propriety. It would be a reproach to the administration of justice, and a perversion of the design of pleading, to subject a party to the expense and delay of preparing demurrer books, and setting down a cause for argument from term to term upon a point manifestly frivolous and absurd, and which when reached, the court would not suffer to be argued. We find, accordingly, that the courts at a very early period, adopted a summary mode of preventing so manifest an abuse.

" If the court do perceive that a demurrer is put in only to put off a trial, or for delay of the proceedings, they will not allow of such a demurrer, nor cause the other party to join in demurrer, but will give judgment against the party upon his frivolous demurrer." 7 *Instruct. Cler.* 191.

" If the demurrer be sufficient, and the other party will not join therein, there may be judgment by *nil dicit.*; but if the demurrer be frivolous, only to put off a trial or the like, the court will not force them to join." *Stiles' Prac. Reg.* 82 ; 7 *Instruct. Cler.* 3.

" In a demurrer to evidence, the party demurred unto may demand judgment, whether he ought to join in demurrer or not; for if there be not a colorable matter to ground the demurrer upon, the court will not force the party to join in it, but will overrule it, that justice may not be frivolously delayed." *Stiles' Prac. Reg.* 189 ; 7 *Instruct. Cler.* 191.

These citations evince that the practice is not of recent origin, and that it is supported as well by ancient authority as by sound principle.

The modern English practice is equally summary in its mode of disposing of frivolous demurrers. By the second practice rule (*Reg. Gen. Hil. Term* 4, *Will.* 4), it is ordered that " In the margin of every demurrer, before it is signed by counsel, some matter of law intended to be argued, shall be stated, and if any demurrer shall be delivered without such statement, or with a frivolous statement, it may be set aside as irregular, by the court or a judge, and leave may be given to sign judgment, as for want of a plea. 1 *Chit. Pl.* (7 *Am. Ed.*) 707 ; 3 *Chit. Gen. Prac.* 729–30, 755, 756.

The practice in the Supreme Court of the State of New York appears to be, to notice the demurrer for argument, and to give notice of a motion for judgment, or, according to more recent practice, to bring on the argument on the ground of the frivolousness of the demurrer. The motion has priority over other enumerated causes, and is disposed of without argument. 2 *Caines' R.* 56 ; *McCabe* v. *McKay,* 2 *Caines'* 100 ; *Kane* v. *Scofield,* 2 *Caines'* 368 ; *Kibbe* v. *Stoddard,* 3 *Caines'* 128 ; *Rules of May Term* 1845, *Rule* 55 ; *Rogers* v. *Hosack,* 5 *Hill* 522.

A somewhat similar practice has prevailed in the court of Common Pleas at Westminster. *Inst. C. P.* 348 ; *Munsel on Dem.* 111.

By the rule of this court, causes upon the calendar have priority according to their standing upon the paper. If a joinder in demurrer be filed, and the cause placed upon the calendar, there is no mode recognized in our practice by which priority in argument can be obtained upon the mere ground of the frivolousness of the demurrer. The New York practice could not be adopted without an alteration of the rules of court. Nor, indeed, does there seem to be any valid reason for placing the cause upon the paper for argument, when it is to be disposed of upon a summary motion. A motion to set aside the demurrer as frivolous, and to enter judgment as for want of a plea, upon due notice for that purpose, is the more simple practice, and is conformable to the practice of the court in striking out other pleadings. This course was adopted by this court in the case of *Gray & Nichols* v. *Van Dyke,* at November Term 1843. The same practice was approved by Chief Justice Hornblower in the case of *Goble* v. *Congers,* at the Essex Circuit, at August Term 1846. In that case (for a manuscript report of which we are indebted to a member of the bar), the defendant having demurred generally to a declaration in the ordinary form, the plaintiff signed judgment as for want of a plea. Upon a motion to set aside the judgment as irregularly entered, the court held that the proper practice was for the plaintiff to apply to strike out the demurrer, and for judgment as for want of a plea. But inasmuch as the demurrer was clearly frivolous, the court refused to disturb the judgment, unless upon an affidavit of merits.

But it is objected that the motion to set aside the demurrer in this case comes too late, the plaintiff having joined in demurrer. The objection cannot prevail. In *Corbet* v. *Powell*, cited in the note to *Shadwell* v. *Berthond*, 5 *Barn. & Ald.* 750, the court upon motion struck out the defendant's plea as false, after replication filed, and demurrer to the replication.

In *Brewster* v. *Hall*, 6 *Cowen* 34, the defendant pleaded specially. The plaintiff replied to the pleas. The defendant demurred to the replication, and the plaintiff joined in demurrer. The plaintiff's attorney had placed the demurrer on the calendar for argument; yet the court upon motion struck out the pleas as false, with costs not only of the motion, but of all the proceedings consequent upon filing the pleas.

The demurrer must be set aside with costs.

After a demurrer to a declaration had been adjudged frivolous, the court will with great reluctance permit the defendant to plead anew. It is an abuse which receives no indulgence. *Patten* v. *Harris*, 10 *Wend.* 624.

As, however, the practice of the court upon this point has not been settled, and as the demurrer may have been filed under a misapprehension—no delay having been occasioned—let the defendant have leave to plead anew, upon terms of pleading issuably, and taking short notice of trial.

CITED *in Hogencamp* v. *Ackerman*, 4 *Zab.* 136; *Dickerson* v. *Stoll, Id.* 552; *Leigh* v. *Alpaugh, Id.* 631.